IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

S&T BANK, )
 )
 Plaintiff, ) Civil Action No. 10-1748
 )
 v. )
 )
 )
FRANK R. ZOKAITES, )
 )
 Defendant. )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                    March 29, 2011

This action to confess judgment was originally filed in the Court of Common Pleas of Allegheny County, Pennsylvania. Defendant, pro se litigant Frank Zokaites, removed this case to this court on diversity grounds. For the reasons set forth below, this case will be remanded to state court.

I. Background

On December 6, 2010, S&T Bank filed a complaint in confession of judgment in the Court of Common Pleas of Allegheny County, Pennsylvania, pursuant to a guaranty Zokaites executed in connection with a mortgage loan on an investment property located in Broward County, Florida. The judgment is in the amount of $858,749.99.

Zokaites did not file any responsive pleading in state court. Instead, on December 28, 2010, Zokaites filed a Notice of Removal in this court asserting diversity jurisdiction. 28 U.S.C. § 1332; Fed. R. Civ. P. 1441(b).[1]

Thereafter, Zokaites filed a petition in this court to strike and/or open the state court judgment and to dismiss the complaint asserting that the state court judgment should be stricken according to Pennsylvania law because the mortgage loan was induced by fraud and a breach of fiduciary duty. The parties then engaged in extensive briefing of the merits of their respective positions.

II.  Discussion

We do not reach the merits of these motions because we must remand this case to state court for further proceedings. Remand is proper due to the procedural posture presented in this case, which is unique to a confession of judgment first-filed in state court and then removed to federal court on diversity grounds.

---

[1] Under Federal Rule of Civil Procedure 81(c), a defendant who does not answer a complaint before removal must answer or otherwise present defenses or objections to the complaint within a set period of time. Fed. R. Civ. P. 81(c)(2). Here, Zokaites' responsive pleading was due on January 4, 2011. Because Zokaites did not file a responsive pleading by that date, the clerk entered a default against Zokaites on January 14, 2011. Fed. R. Civ. Pro. 55(a).

2

a. Confession of Judgment under Pennsylvania Law

Under Pennsylvania law, parties may, in certain circumstances, create a contract with an automatic right to a money judgment upon a party's default. Pa.R.C.P. Nos. 2950, 2951, 2952 and 2956.1. Commercial loan transactions may include a confession of judgment clause. See generally, ESB Bank v. McDade, 2 A.3d 1236 (Pa. Super. Ct. 2010). Once a complaint in confession of judgment is filed, the prothonotary is required to enter judgment in conformity with the confession. Pa.R.C.P. No. 2956. A confession of judgment is then a very powerful tool because it places the power to enter an immediate judgment in the hands of one party to a contract. Cutler Corp. v. Latshaw, 97 A.2d 234, 236 (Pa. 1953)(noting the drastic nature of a confession of judgment clause which abdicates every defense and every delay of execution).

A judgment entered by confession may be challenged in only one way: by filing a petition to open or strike the judgment. Pa.R.C.P. No. 2959(a). The defendant to such a judgment has 30 days from the date of service of a notice of the judgment to file the petition. Magee v. J.G. Wentworth & Company, Inc., 761 A.2d 159, 161 (Pa. Super. Ct. 2000). It is only once the petition to strike and/or open is filed, that the matter becomes an adversary proceeding subject to adjudication

3

upon the merits. Riverside Memorial Mausoleum, Inc. v. UMET Trust, 581 F.2d 62, 67 (3d Cir. 1978); see also Nevling v. Commercial Credit Co., 39 A.2d 266, 267 (Pa. Super. Ct. 1944). Until such time as that petition is filed, the case consists of a monetary judgment entered by a state court.

### b. Jurisdiction by Federal Courts

The Court of Appeals for the Third Circuit has recognized that confessions of judgment may be filed in federal court on diversity grounds. When so filed the court must enter an immediate judgment in the creditor's favor. Newton v. First Union Nat. Bank, 316 F.Supp.2d 225, 234 (E.D. Pa. 2004) (citing Riverside, 581 F.2d at 67). When a complaint in confession of judgment is filed in the first instance in federal court under the auspices of diversity jurisdiction, the federal court has the power to entertain a petition to open and/or strike the judgment. FDIC v. Deglau, 207 F.2d 135 (3d Cir. 2000).

It is a different situation entirely, however, when a complaint in confession of judgment is first filed in state court and then removed to federal court. As stated above, unless and until a petition to strike or open the judgment is filed, the state court proceeding is not adversarial and consists of only a final monetary judgment. Articulating a rule now known as the Rooker-Feldman doctrine, the Supreme Court of

the United States has instructed that lower federal courts have no power to exercise appellate jurisdiction over state court judgments. Lance v. Dennis, 546 U.S. 459, 463 (2006); see also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). Such jurisdiction is reserved to the Supreme Court alone. 28 U.S.C. § 1257.

We find that a judgment entered by confession in state court is subject to this rule. A confessed judgment, by its very nature, is a final judgment under Pennsylvania law. Pa.R.C.P. No. 2956. The Court of Appeals for the Third Circuit has held that such a judgment, properly executed, is equivalent to any other judgment rendered by a court. See Jordan v. Fox Rothchild, O'Brien & Frankel, 20 F.3d 1250, 1272 (3d Cir. 1994). In order to offer relief after a confession of judgment has been removed, a federal court would have to negate the state court's judgment. This is impermissible under Rooker-Feldman, and therefore, a confession of judgment filed in state court cannot be properly removed to federal court, because such an act would place a federal district court in the position of reviewing a judgment rendered in state court.

III. Conclusion

This case involves a judgment entered by a state court, over which this court has no powers of review. Therefore, this

case is remanded to the Court of Common Pleas of Allegheny County, Pennsylvania.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

S&T BANK,                    )
                             )
            Plaintiff,       )   Civil Action No. 10-1748
                             )
      v.                     )
                             )
                             )
FRANK R. ZOKAITES,           )
                             )
            Defendant.       )

## ORDER

AND NOW, this 29th day of March, 2011, upon consideration of defendant's Motion to Open and/or Strike Judgment [Doc. No. 7] and accompanying briefs, IT IS HEREBY ORDERED that this case is remanded to state court. It is further ORDERED that the Clerk of Courts' entry of default against Zokaites is stricken from the record.

BY THE COURT:

_____, C.J.

Cc: All counsel of Record